UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JENNIFER NIEMANN,<br><br>  Defendant. | Case No. 1:21-CR-000114-DCN<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Jennifer Niemann's motion for furlough brought pursuant to 18 U.S.C. § 3142(i). (Dkt. 53.) The Government opposes the motion. (Dkt. 54.) Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. For the reasons that follow, the Court will grant the motion.

## BACKGROUND

On April 14, 2021, Niemann was charged with one count of Importation of a Controlled Substance, in violation of 21 U.S.C. §§ 802(32), 952(a), 960(a), and (b)(3). (Dkt. 1.) Niemann was ordered detained following a detention hearing on May 25, 2021.

**ORDER - 1**

(Dkt. 12, 13.) Niemann plead guilty to the charge and was sentenced to time served followed by three years of supervised release. (Dkt. 21, 30, 31.) Her term of supervision commenced on October 20, 2021, and is set to expire on October 19, 2024. (Dkt. 33.)

On December 15, 2021 and January 19, 2022, the United States Probation Office informed the Court that Niemann had not complied with two conditions of supervision: 1) testing positive for use of controlled substance, and 2) failure to comply with substance abuse testing or treatment as directed. (Dkt. 33, 34.) On February 17, 2022, a Petition on Supervised Release was filed alleging numerous violations of the conditions of release beginning as early as October 25, 2021, five days after Niemann's term of supervision commenced. (Dkt. 35.) An arrest warrant was issued and returned executed on February 22, 2022. (Dkt. 48.) Niemann waived a detention hearing and was ordered detained, on March 1, 2022. (Dkt. 39, 45.) A final hearing on revocation of supervised release is set for June 22, 2022. (Dkt. 52.)

On Friday, April 29, 2022, Niemann filed the motion for furlough presently before the Court. (Dkt. 53.) Niemann requests a furlough for the purpose of attending the funeral of her paternal grandmother, Carolyn Niemann, scheduled for 2:00 p.m. (MT) on Tuesday, May 3, 2022 at Morris Hill Cemetery in Boise, Idaho. (Dkt. 53, Ex. A.) Carolyn Niemann, passed away on Monday, April 25, 2022.

The motion states Niemann is amenable to any conditions of release the Court deems appropriate, and proposes the following: 1) appointment of a third-party custodian, Niemann's sister, who will be responsible for Niemann's transportation and compliance with the terms and conditions of furlough; 2) electronic monitoring and location restriction;

**ORDER - 2**

and 3) other standard release conditions including drug testing. (Dkt. 53.) The Government and the United States Probation Officer oppose the motion. (Dkt. 54.)

## STANDARD OF LAW

Under the Bail Reform Act of 1984, if the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending further proceedings if no conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances. 18 U.S.C. § 3142(f); 18 U.S.C. § 3143(a)(1). In assessing what conditions, if any, to impose, courts consider the following factors set forth in Section 3142(g): the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Relevant here, where a person has been detained, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i). *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). The Court must make an individualized

ORDER - 3

determination as to whether Niemann has demonstrated that temporary release is warranted in this case under Section 3142(i).

## DISCUSSION

Niemann asserts compelling reasons for a short furlough exist to allow her to be present at her grandmother's funeral and to grieve with her family. The motion argues the requested release furthers the compelling interests of family, society, and the criminal justice system. (Dkt. 53.) Notably, the motion states Niemann's participation in the familial function is important to the maintenance of the ties that will have a strong bearing on Niemann's long-term prospect for success. Further, the motion likens the furlough request to the Bureau of Prisons furlough procedure permitting temporary release to allow an inmate to be present during a crisis within their immediate family or other urgent circumstances as further support for finding compelling reasons. *See* 18 U.S.C. § 3622; 28 C.F.R. § 570.33(d).

In response, the Government argues Niemann poses a danger to the community and is a flight risk. (Dkt. 54.) Walking through the Section 3142(g) factors, the Government argues the nature and circumstances of the underlying offense, Niemann's lengthy history of substance abuse and criminal conduct, and the several violations of supervised release conditions alleged in the petition all weigh in favor of detention. Further, the Government points out Niemann was on supervision and subject to conditions which she disregarded, thus demonstrating the likelihood that she will not comply with any conditions placed upon her by the Court. Finally, the Government asserts Niemann has not shown a sufficiently

compelling reason to grant the motion for release and that there are no conditions the Court could impose that would ensure Niemann is not a danger to the community or a flight risk.

After carefully considering the positions of the parties, the entire record, and the Section 3142(g) factors, the Court finds Niemann has shown compelling reasons exist to grant a short and limited furlough to allow Niemann to attend the funeral services for her grandmother. The loss of a grandparent with whom Niemann was particularly close, coupled with Niemann's need for a strong support system when she is released are sufficiently compelling reasons to grant the requested furlough. While Niemann's history of substance abuse and criminal behavior are concerning, the Court finds there are strict conditions that can be imposed that will reasonably assure her appearance as required and the safety of the community. Accordingly, the motion will be granted to allow a very limited temporary furlough based upon the strict conditions stated below.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Motion for Furlough (Dkt. 53) is **GRANTED**. Defendant may be temporarily released on **Tuesday, May 3, 2022 no earlier than 12:00 p.m. (MT), and no later than 5:00 p.m. (MT)**, subject to the following:

1) Jessica Niemann, Defendant's sister, is HEREBY NAMED as Defendant's third-party custodian and is the responsible party for Defendant's transportation during the furlough. Defense counsel must provide a formal third-party custodian agreement that Jessica Niemann must sign before Defendant may be released, wherein Jessica Niemann agrees to the following: a) supervise

    Defendant to ensure compliance with the conditions of the temporary furlough, b) assure the Defendant's return to custody as directed herein, and c) notify the Court immediately if Defendant violates a condition of release. Jessica Niemann is the sole responsible party who may transport the Defendant to and from the Ada County Jail and who must remain with the Defendant at all times during the furlough.

2) Jessica Nieman may pick the Defendant up from the Ada County Jail no earlier than 12:00 p.m. (MT) on Tuesday, May 3, 2022, and must return the Defendant to the Ada County Jail no later than 5:00 p.m. (MT) on Tuesday, May 3, 2022, subject to any logistical or operational requirements or limitations of the Ada County Jail.

3) Defendant and her attorney are responsible for communicating and coordinating with the Ada County Jail, the United States Marshals Service, and the United States Probation Officer as necessary to facilitate Defendant's temporary furlough.

4) During the temporary furlough, Defendant must abide by all of the terms and conditions of her supervised release previously imposed including, but not limited to: Defendant shall not use or possess any alcohol and/or controlled substances; Defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale; Defendant shall not commit any state, federal, or local crimes or offenses; and Defendant shall

not possess or have access to any firearm, ammunition, destructive device, or dangerous weapon. (Dkt. 31.)

5) In addition to the conditions previously imposed, during the furlough the Defendant is restricted to travelling only to and from the Ada County Jail and Morris Hill Cemetery, and will be subject to drug testing immediately upon her return to custody.

6) Defendant's furlough is limited to her attendance at only the funeral services held at the Morris Hill Cemetery. Defendant may not attend or participate in any other activities, receptions, events, or the like during her furlough. The third-party custodian is ordered to return Defendant to the Ada County Jail immediately following the funeral services at the Morris Hill Cemetery regardless of the time of day.

7) Violation of any of these terms and conditions may result in additional penalties and possibly new charges and penalties separate and apart from the charges for which Defendant is currently in custody, and will result in the immediate issuance of an arrest warrant. Prior to the Defendant being temporarily released, defense counsel is directed to provide a copy of this Order to the Defendant and Jessica Niemann, and to expressly advise both individuals of the terms and conditions of the temporary furlough as well as the additional penalties, consequences, and new charges Defendant may face if she violates any of the terms and conditions. Defendant and Jessica Niemann must sign an

acknowledgement of receipt of the same, provided by defense counsel, before Defendant is released.

8) Defense counsel shall file the third-party custodian agreement signed by Jessica Niemann, and the acknowledgment of receipt signed by Defendant and Jessica Niemann by May 4, 2022. These documents must be signed before Defendant's release, but do not need to be filed before Defendant is released.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to serve a copy of this order on all parties, the United States Marshals Service, and the United States Probation Office.

DATED: May 2, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge